IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

_CHARLES LAMONT WILLIAMS_____, Plaintiff

v.

_"SEE ATTACHED"_____,

_____,

_____,

_____, Defendant(s).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 11 2019

JEFFREY P. COLWELL
CLERK

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

DEFENDANT(S)

DEBORAH BORREGO

DAYNA JOHNSON

ANDREW KING

JENNIFER HANSEN

DAVID LISAC

REBECCA VOLZ

JOHN DOE, DEPENDANTS

A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

CHARLES LAMONT WILLIAMS (DOC 82344) BVCF/P.O. BOX 2017/BUENA VISTA, CO. 81211-2017
(Name, prisoner identification number, and complete mailing address)

- NONE -
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
__✓__ Convicted and sentenced state prisoner
____ Convicted and sentenced federal prisoner
____ Other: *(Please explain)* _____

B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: DEBORAH BORREGO (RN FNP) BVCF - MEDICAL DEPT
(Name, job title, and complete mailing address)

P.O. BOX 2017, BUENA VISTA, COLORADO 81211-2017

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __✓__ Yes ____ No *(check one)*. Briefly explain:

VIOLATED PLAINTIFF'S 8th AMEND RIGHTS BY DENYING MEDICAL

TREATMENT TO PLAINTIFF

Defendant 1 is being sued in his/her __✓__ individual and/or __✓__ official capacity.

2

Defendant 2: __DAYNA JOHNSON (HSA) BVCF-MEDICAL DEPT__
(Name, job title, and complete mailing address)

__P.O. BOX 2017, BUENA VISTA, COLORADO 81211-2017__

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (check one). Briefly explain:

__VIOLATED PLAINTIFF'S 8TH AMEND. RIGHTS BY DENYING__

__MEDICAL TREATMENT TO PLAINTIFF__

Defendant 2 is being sued in his/her ✓ individual and/or ✓ official capacity.

Defendant 3: __ANDREW KING (CAPTAIN) BVCF P.O. BOX 2017__
(Name, job title, and complete mailing address)

__BUENA VISTA, COLORADO 81211-2017__

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (check one). Briefly explain:

__DEFENDANT VIOLATED MY 1ST AMEND. RIGHTS TO FREELY__

__EXERCISE MY RELIGION__

Defendant 3 is being sued in his/her ✓ individual and/or ✓ official capacity.

## C. JURISDICTION
*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓ 42 U.S.C. § 1983 (state, county, and municipal defendants)

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___ Other: *(please identify)* _____

3

B.	DEFENDANT(S) INFORMATION (CON'T)

Defendant 4. Jennifer Hansen (Major) BVCF, P.O. Box 2017
    Buena Vista, Colorado 81211-2017
    Acting under color of state or federal law (Yes)
    Defendant 4 is being sued in her ✓ individual and ✓ official capacity

Defendant 5. David Lisac (Major) BVCF, P.O. Box 2017
    Buena Vista, Colorado 81211-2017
    Acting under color of state or federal law (Yes)
    Defendant 5. is being sued in his ✓ individual and ✓ official capacity

Defendant 6. Rebecca Volz (Regional Volunteer Coordinator)
    BVCF/P.O. Box 2017, Buena Vista, Colorado 81211-2017
    Acting under color of state or federal law (Yes)
    Defendant 6. is being sued in her ✓ individual and ✓ official capacity

Defendant 7. John Doe (Unknown) BVCF, P.O. Box 2017, Buena Vista,
    Colorado, 81211-2017
    Acting under color of state or federal law (Yes)
    Defendant 7. is being sued in his/her ✓ individual and ✓ official capacity

**D. STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: DEBORAH BORREGO AND DAYNA JOHNSON DENIED, INJURED AND VIOLATED MY EIGTH AMENDMENT RIGHT TO BE FREE FROM PAIN AND SUFFERING
Supporting facts: BY DENYING ME MEDICAL TREATMENT FOR A SERIOUS MEDICAL NEED.

1. THE PLAINTIFF, CHARLES L. WILLIAMS SUFFERED FOR 2 YRS. WITHOUT MEDICAL TREATMENT. X-RAYS SHOW A SERIOUS MEDICAL CONDITION WHICH CAUSED THE PLAINTIFF EXCRUTIATING PAIN UNNECESSARILY WAS CRUEL AND UNUSUAL PUNISHMENT.

2. THE DEFENDANTS BORREGO AND JOHNSON WERE RECKLESS AND INDIFFERENT TO THE PAIN, SUFFERING AND OVERALL MEDICAL TREAT--MENT OF THE PLAINTIFF. AFTER MULTIPLE SICK CALL SLIPS AND GRIEVANCES THE DEFENDANTS BORREGO AND JOHNSON KNEW THE PLAINTIFF WAS IN SERIOUS PAIN AND NEEDED MEDICAL TREATMENT.

3. ON SEPT. 28, 2015 THROUGH JUNE 11, 2017 THE PLAINTIFF SENT MEDICAL REQUEST SLIPS TO MEDICAL FOR FOOT AND BACK PAIN.

4. ON OCTOBER, 27, 2015 THE PLAINTIFF WAS TOLD 'NOTHING COULD BE DONE FOR HIS FOOT AND BACK PAIN AND TO RE-REQUEST AN APPOINT--MENT WITH HIS 'PROVIDER' DEBORAH BORREGO.

5. ON DEC. 8, 2016 THE PLAINTIFF FILED HIS STEP I GRIEVANCE FOR NOT RECIEVING MEDICAL TREATMENT, AFTER MULTIPLE SICK CALL REQUESTS WERE SENT.

4

D. STATEMENT OF CLAIM(S)
   CLAIM ONE (CON'T)

6. FROM 2015 TO DATE MY PAIN WORSENED. MY FATHER, JIM CONTRERAS MADE MULTIPLE CALLS TO THE MEDICAL DEPT. AS WELL AS THE WARDENS OFFICE, ALL FOR THE DENIAL OF MEDICAL TREATMENT.

7. ON DEC. 22, 2016 THE PLAINTIFF FILED A STEP II GRIEVANCE FOR THE DENIAL OF MEDICAL TREATMENT. THE STEP II GRIEVANCE WAS DENIED BY THE DEFENDANT DAYNA JOHNSON (HSA) FOR BUENA VISTA CORR. FACILITY MEDICAL DEPT.

8. ON JAN. 1, 2016 THE PLAINTIFF FILED A STEP III GRIEVANCE WHICH WAS DENIED BY ANTHONY DECESARO ON FEB. 13, 2017

9. IN JULY of 2017 THE PLAINTIFF SPOKE WITH NURSE LABOLLE IN THE HALLWAY of BVCF ABOUT NOT BEING TREATED FOR MY FOOT AND BACK PAIN. NURSE LABOLLE PLACED THE PLAINTIFF IN THE "PAIN MANAGEMENT CLASS AND SCHEDULED ME TO SEE DR. LOFTIN.

10. ON AUGUST 1, 2017 THE PLAINTIFF TOOK XRAYS FOR HIS BACK.

11. FROM SEPT. 28, 2015 TO AUGUST 1, 2017 I WAS DENIED MEDICAL TREATMENT FOR A SERIOUS MEDICAL CONDITION.

12. THE DEFENDANT BORREGO IS RESPONSIBLE FOR SCHEDULING ALL APPOINTMENTS FOR OFFENDERS ON HER CASELOAD. I AM ASSIGNED TO BORREGO'S CASELOAD.

13. THE DEFENDANT JOHNSON IS THE HEALTH SERVICES ADMINISTRATOR AND OVERSEES AND SUPERVISES THE ENTIRE MEDICAL DEPT. AT BVCF.

D. STATEMENT OF CLAIMS(S)
   CLAIM ONE (CON'T)

14. JOHNSON DENIED THE PLAINTIFF'S STEP II GRIEVANCE PER-TAINING TO THE DENIAL OF MEDICAL TREATMENT.

15. JOHNSON HAS ACCESS TO MY FILE AND COULD HAVE EASILY SEEN I SENT MULTIPLE SICK CALL REQUESTS FOR FOOT AND BACK PAIN PRIOR TO FILING GRIEVANCES.

16. ON INFORMATION AND BELIEF WHEN AN OFFENDER FILES A GRIEVANCE, THE GRIEVANCE STAFF CALLS THE MATTER TO THE ATTENTION OF THE INDIVIDUALS RESPONSIBLE FOR THE ISSUES OF THE GRIEVANCE.

17. RESULTS OF XRAYS ON AUG. 1, 2017 ARE L3-4 DEGENERATIVE DISC DISORDER/DISEASE WHICH CAUSES SEVERE PAIN (EXHIBIT 1 XRAY RESULTS)

18. CONTINUOUSLY FROM 2015 TO DATE THE PLAINTIFF HAS HAD TO 'DEAL' WITH THIS PAIN UNNECESSARILY.

19. THE ACTIONS OF BORREGO AND JOHNSON CONSTITUTES DELIB-ERATE INDIFFERENCE TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS WHICH IS A VIOLATION OF THE EIGTH AMEND. TO THE US CONSTITUTION.

D. STATEMENT OF CLAIM(S)
   CLAIM TWO: ANDREW KING, JENNIFER HANSEN, DAVID LISAC, REBECCA VOLZ AND JOHN DOE VIOLATED MY FIRST AMEND. RIGHT TO FREELY EXERCISE MY NATIVE AMERICAN RELIGION.

D. STATEMENT OF CLAIMS)
   CLAIM TWO (CON'T)

1. THE DEFENDANTS ANDREW KING, JENNIFER HANSEN, DAVID LISAC, REBECCA VOLZ, AND JOHN DOE CONTINUOUSLY DETERED ME FROM PARTICIPATING IN SWEATLODGE AND PIPE CEREMONIES.

2. KING, HANSEN, LISAC, VOLZ, AND DOE ARE PART OF THE 'MANAGEMENT TEAM' AND ARE RESPONSIBLE FOR MAKING DECISIONS THAT COVER SECURITY AND RELIGIOUS ACTIVITIES.

3. SINCE AUGUST OF 2015 TO DATE KING (AS SHIFT SUPERVISOR) GAVE A STANDING ORDER THAT THE PLAINTIFF BE STRIPPED SEARCHED UPON RETURNING FROM THE NATIVE AMERICAN FAITH AREA.

4. STRIP SEARCHES ARE NOT CONDUCTED AFTER THE CONCLUSION OF CHRISTIAN, MUSLIM, OR JEWISH RELIGIOUS ACTIVITIES.

5. SINCE AUGUST, 2015, TO DATE VOLZ AND DOE HAVE CONTINUOUSLY FORCED THE PLAINTIFF TO PURCHASE WOOD FOR OUR CEREMONIES AT $180.00 A CORD. WHICH IS AN EXTREME AMOUNT WHEN WE ONLY GET AROUND $15.00 A MONTH IN STATE PAY. EVEN AFTER THE PLAINTIFF FOUND A NEW VENDOR, CHALK CREEK CHIPPING IN BUENA VISTA, TO SELL CORDS FOR $90.00 A CORD.

6. FROM AUGUST 2015 THROUGH SEPT, 11, 2017 HANSEN, LISAC, VOLZ, KING, AND DOE FORCED THE PLAINTIFF TO USE A 'PORT O' POTTY' THAT WAS NOT SANITIZED REGULARLY AND WAS LEFT OUT IN THE HOT SUN FOR MONTHS AT A TIME. THIS WAS THE ONLY ACCESS TO 'FACILITIES' DURING THE PLAINTIFF'S RELIGIOUS CEREMONIES.

D. STATEMENT of CLAIM(S)
   CLAIM TWO (CON'T)

7. SINCE AUGUST OF 2015 TO DATE KING, HANSEN, LISAC, VOLZ, AND DOE HAVE FORCED ME TO ENDURE OVERLY EXTREME WEATHER CONDITIONS BY NOT ALLOWING ME SHELTER FROM SUN, WIND, RAIN, OR SNOW. AND BY LIMITING THE CLOTHING WE ARE ALLOWED TO WEAR.

8. FROM AUGUST OF 2015 TO DATE THE DEFENDANTS KING, HANSEN, LISAC, VOLZ AND DOE FORCED THE PLAINTIFF TO CARRY WATER IN 5 GALLON BUCKETS FROM THE GYMNASIUM TO OUR FAITH AREA. THE PLAINTIFF HAS NO ACCESS TO RUNNING WATER WHILE IN CEREMONIES.

9. SINCE AUGUST 2015, TO DATE KING, HANSEN, LISAC, VOLZ, AND DOE HAVE MADE IT DIFFICULT TO PARTICIPATE IN MY RELIGIOUS CEREMONIES DUE TO CONSTANT DISRUPTION AND DISRESPECT CAUSED BY OTHER OFFENDERS AND STAFF BECAUSE OF THE DESIGNATED LOCATION OF MY RELIGIOUS AREA.

D. STATEMENT of CLAIMS
   CLAIM THREE

ANDREW KING, DAVID LISAC, JENNIFER HANSEN, REBECCA VOLZ, AND JOHN DOE VIOLATED MY FIRST AMEND. RIGHT TO FREELY EXERCISE MY NATIVE AMERICAN RELIGION AND TO BE FREE FROM RETALIATION FOR EXERCISING MY RELIGIOUS RIGHT.

1. ON JULY 29, 2017 ANDREW KING AND SEVERAL NATIVE AMERICAN OFFENDERS GOT INTO AN ARGUMENT WHEN WE WERE GOING AND RETURNING TO THE SWEATLODGE AREA OVER SECURITY ISSUES. SEVERAL DAYS LATER KING CONTACTED REBECCA VOLZ IN ORDER TO FORCE US TO WEAR FULL GREENS UNIFORM TO FROM, AND DURING OUR CEREMONIES.

D. STATEMENT OF CLAIMS
   CLAIM THREE (CON'T)

2. ON AUGUST 4, 2017 REBECCA VOLZ SENT AN E-MAIL TO LT. CAMP THE VOLUNTEER RELIGIOUS COORDINATOR INFORMING HIM WE HAD TO WEAR OUR FULL GREEN UNIFORMS TO, DURING, AND FROM OUR RELIGIOUS AREA. PRIOR TO THE INCIDENT WITH KING NO ONE HAD TO WEAR THEM.

3. ON APRIL 21, 2018 I RECIEVED A NOTICE FROM REBECCA VOLZ AND JENNIFER HANSEN, AND JOHN DOE THAT THE USE OF TOBACCO IN OUR CEREMONIES BY US NATIVE AM. RELIGIOUS GROUP WAS BEING SUS-PENDED DUE TO A SUBSTANCE, STAFF SAID WAS OUR TOBACCO, BEING FOUND IN OFFENDER TED MITTCHELL'S POSSESSION FOR 30 DAYS. FROM APRIL 21, 2018 TO MAY 19, 2018.

4. OFFENDER MITTCHELL IS NOT, NOR HAS HE BEEN A MEMBER OF THE NATIVE AMERICAN RELIGIOUS GROUP AT BUENA VISTA CORR-ECTIONAL FACILITY.

5. THE DEFENDANTS VOLZ, HANSEN, LISAC, AND DOE MADE THE DEC-ISION TO SUSPEND OUR RIGHT TO USE TOBACCO IN OUR CEREMONIES FOR 30 DAYS WITHOUT ANY D.O.C. POLICY STATING THAT THIS ACTION IS A REMEDY.

6. ONCE THE TOBACCO WAS REMOVED FROM OFFENDER MITTCHELL'S POSSESSION IT NO LONGER POSED A THREAT TO THE SECURITY OF BVCF. THUS, THE SUSPENTION WAS RETALIATION, ONLY. THE USE OF TOBACCO IS AN INTREGAL PART OF OUR CEREMONIES. WHICH IS PROTECTED BY C.R.S. 17-42-102 AND RLUIPA.

7. ON MAY 4, 2018 I WAS TOLD BY LT. ATCHISON THAT REBECCA VOLZ, DAVID LISAC, JENNIFER HANSEN, AND JOHN DOE HAD MADE THE DECISION TO SUSPEND ALL NATIVE AM. RELIGIOUS SERVICES UNTIL FURTHER NOTICE.

D. STATEMENT OF FACTS
   CLAIM THREE (CON'T)

8. DURING THIS PERIOD THE CHRISTIANS AND THE MUSLIMS WERE ALLOWED TO CONDUCT THEIR CEREMONIES.

9. ON NOV. 18, 2017 KING DENIED MYSELF AND ANOTHER OFFENDER ACCESS TO THE SWEATLODGE AREA FOR PIPE CEREMONY. THE SWEATLODGE AREA IS THE ONLY PLACE DESIGNATED TO CONDUCT PIPE CEREMONY.

10. ON OCTOBER 16, 2017 THE PLAINTIFF FILED A STEP III GRIEVANCE AGAINST B.V.C.F. FOR THE SUBSTATIAL BURDEN AND OVERALL ACTS OF PREJUDICE AND DISCRIMINATION BEING PERPETUATED AGAINST THE PLAINTIFF AND THE NATIVE AMERICAN RELIGIOUS GROUP.

11. ON NOVEMBER 14, 2017 THE PLAINTIFF RECIEVED A NOTICE THAT THIS FACILITY WAS UNDER INVESTIGATION FOR THE GRIEVANCE FILED. THIS NOTICE WAS FROM STEP III GRIEVANCE OFFICER ANTHONY A. DECESARO.

12. ONLY FOUR DAYS LATER KING DENIES THE PLAINTIFF AND ANOTHER OFFENDER ACCESS TO THE SWEATLODGE AREA.

E.  PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _✓_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): _____

Docket number and court: _____

Claims raised: _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) _____

Reasons for dismissal, if dismissed: _____

Result on appeal, if appealed: _____


F.  ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

_✓_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

_✓_ Yes ___ No (*check one*)

5

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*  OFFICIAL CAPACITY

CLAIM ONE: DECLARATORY AND INJUNCTIVE RELIEF DECLARING:
1. TO ALLOW PLAINTIFF TO ORDER/PURCHASE TENNIS SHOES AND BOOTS TWICE A YEAR FROM A VENDOR OF PLAINTIFF'S CHOICE TO RELIEVE THE NEUROPATHY IN PLAINTIFF'S FOOT AND BACK PAIN, AS WELL AS INSOLES FOR THE SHOES. 2. TO ISSUE PLAINTIFF A MEDICAL MATTRESS AND PILLOW, AS WELL AS A BOTTOM BUNK RESTRICTION AS LONG AS PLAINTIFF IS INCARCERATED TO RELIEVE PLAINTIFF'S PAIN CAUSED BY THE DETERIORATED DISC IN HIS BACK DUE TO DEFENDANTS DENIAL OF MEDICAL TREATMENT. 3. TO BE HOUSED IN FOUR MILE CORRECTIONAL CENTER INDEFINITELY FOR BETTER MEDICAL TREATMENT.

INDIVIDUAL CAPACITY: DEBORAH BORREGO AND DAYNA JOHNSON SHALL PAY $50,000 EACH, PER YEAR ($200,000 IN COMPENSATORY DAMAGES) FOR VIOLATING MY 8TH AMENDMENT RIGHTS.  — SEE ATTACHED —

## H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

January 25, 2019
(Date)

(Form Revised December 2017)

6

G. REQUEST FOR RELIEF

CLAIM ONE: Plaintiff requests court costs and filing fees and jury trial demand.

CLAIM TWO:

### Official Capacity

Declaratory and injunctive relief declaring: 1. To move sweatlodge area away from recreation yard, to relieve noise and distractions by other offenders. 2. To be free from unwarrented, unnecessary, and prejudicial strip searches after sweatlodge/pipe ceremonies used to deter me from participating in my religious ceremonies. 3. That CDOC help with costs or donate wood and other items needed for our ceremonies for all Native American religious groups in CDOC or private state facilities. 4. To have a shelter built on religious grounds to protect us from extreme wheather conditions. 5. To provide running water source on religious grounds. 6. To be allowed to wear shorts and tshirt or sweatpants and sweatshirt at our religious area. 7. To be free from retaliatory actions and discrimination from CDOC staff.

### Individual Capacity

Andrew King, Jennifer Hansen, David Lisac, Rebbecca Volz shall pay $20,000 each per year, for a total of ($300,000 in compensatory damages) for violating my First Amendment rights

Plaintiff requests court costs and filing fees and jury trial demand

CLAIM THREE:

### Official Capacity

Declaratory and injunctive relief declaring: 1. For the court to rule that the defendants did retaliate against plaintiff and that all past, present, and future retaliation will not continue.

G. REQUEST FOR RELIEF
   CLAIM THREE (CON'T)

   INDIVIDUAL CAPACITY
   ANDREW KING, DAVID LISAC, JENNIFER HANSEN, REBBECCA VOLZ SHALL PAY $7,500 EACH FOR A TOTAL OF ($37,500) IN COMPENSATORY DAMAGES) AND FOR PLAINTIFF TO BE ALLOWED TO ORDER A VIDEO GAME CONSUL (XBOX OR PLAYSTATION) OF PLAINTIFFS CHOICE, AT HIS EXPENSE WITH 30 GAMES AND 30 MOVIES TO BE IN PLAINTIFF'S POSSESSION INDEFINITELY AND AT ANY FACILITY PLAINTIFF IS HOUSED AT. AND $1500 CANTEEN CREDIT.

   PLAINTIFF REQUESTS COURT COSTS AND FILING FEES AND JURY TRIAL DEMAND

Charles L. Williams 82344
BVCF P.O. Box 2017
Buena Vista, Colorado
81211-2017

Clerk of the Court
Alfred A. Arraj United States Courthouse
901 19th Street, Room A105
Denver, Colorado
80294-3589


Restricted Inspection Mail

Restricted Inspection Mail Stamp

Bag 2-2-19
Ross 23091 SR
8234 Pulliams QBD

