# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  _19-cv-00371-GPG_
(To be supplied by the court)

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 15 2019

JEFFREY P. COLWELL
CLERK

_CHARLES LAMONT WILLIAMS_____ , Plaintiff

v.

_____ ,

_-SEE ATTACHED-_____ .

_____ ,

_____ , Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## DEFENDANTS

DEBORAH BORREGO

DAYNA JOHNSON

ANDREW KING

JENNIFER HANSEN

DAVID LISAC

REBECCA VOLZ

JOHN DOE, DEFENDANTS.

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

CHARLES L. WILLIAMS, Doc. 82344 BVCF P.O. BOX 2017, BUENA VISTA Co.
(Name, prisoner identification number, and complete mailing address)   81211-2017

- NONE -

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
__✓__ Convicted and sentenced state prisoner
____ Convicted and sentenced federal prisoner
____ Other: (*Please explain*) _____

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: DEBORAH BORREGO (RN FNP) BVCF MEDICAL DEPT.
(Name, job title, and complete mailing address)

P.O. Box 2017, BUENA VISTA, COLORADO 81211-2017

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __✓__ Yes ____ No (*check one*). Briefly explain:

VIOLATED PLAINTIFF'S 8th AMENDMENT RIGHTS BY DELYING AND

DENYING MEDICAL TREATMENT

Defendant 1 is being sued in his/her __✓__ individual and/or __✓__ official capacity.

2

Defendant 2: DAYNA JOHNSON (HSM) BVCF MEDICAL DEPT.
(Name, job title, and complete mailing address)

P.O. BOX 2017, BUENA VISTA, COLORADO 81211-2017

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (check one). Briefly explain:

VIOLATED PLAINTIFF'S 8th AMENDMENT RIGHTS BY DELYING AND

DENYING MEDICAL TREATMENT

Defendant 2 is being sued in his/her ✓ individual and/or ✓ official capacity.

Defendant 3: ANDREW KING (CAPTAIN) BVCF SECURITY
(Name, job title, and complete mailing address)

P.O. BOX 2017, BUENA VISTA, COLORADO 81211-2017

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (check one). Briefly explain:

VIOLATED PLAINTIFFS 1st AMENDMENT RIGHTS TO FREELY

EXERCISE MY RELIGION AND EQUAL PROTECTION CLAUSE.

Defendant 3 is being sued in his/her ✓ individual and/or ✓ official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓    42 U.S.C. § 1983 (state, county, and municipal defendants)

___    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

✓    Other: (*please identify*) AMENDED COMPLAINT

3

B.                    DEFENDANTS INFORMATION (CON'T)

DEFENDANT 4: JENNIFER HANSEN (MAJOR) BVCF. PO BOX 2017
                        BUENA VISTA, COLORADO 81211-2017
                        ACTING UNDER COLOR OF STATE LAW (YES)
DEFENDANT 4 IS BEING SUED IN HER ✓INDIVIDUAL AND ✓OFFICIAL CAP.
VIOLATED PLAINTIFF'S 1ST AMEND RIGHTS AND EQUAL PROTECTION CLAUSE.


DEFENDANT 5: DAVID LISIAC (MAJOR) BVCF, P.O. BOX 2017, BUENA VISTA,
                        COLORADO 81211-2017
                        ACTING UNDER COLOR OF STATE LAW (YES)
DEFENDANT 5 IS BEING SUED IN HIS ✓INDIVIDUAL AND ✓OFFICIAL CAPACITY
VIOLATED PLAINTIFF'S 1ST AMEND RIGHTS AND EQUAL PROTECTION CLAUSE


DEFENDANT 6: REBECCA VOLZ (REGIONAL VOLUNTEER COORDINATOR)
                        BVCF P.O. BOX 2017, BUENA VISTA, COLORADO 81211-2017
                        ACTING UNDER COLOR OF STATE LAW (YES)
DEFENDANT 6 IS BEING SUED IN HER ✓INDIVIDUAL AND ✓OFFICIAL CAP.
VIOLATED PLAINTIFF'S 1ST AMEND. RIGHTS AND EQUAL PROTECTION CLAUSE.


DEFENDANT 7: JOHN DOE (UNKNOWN) BVCF P.O. BOX 2017 BUENA VISTA
                        COLORADO 81211-2017
                        ACTING UNDER COLOR OF STATE LAW (YES)
DEFENDANT 7: IS BEING SUED IN HIS/HER ✓INDIVIDUAL AND ✓OFFICIAL
    CAPACITIES
    VIOLATED PLAINTIFF'S 1ST AMEND. RIGHTS AND EQUAL PROTECTION
    CLAUSE

**D.     STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: DEBORAH BORREGO AND DAYNA JOHNSON VIOLATED MY 8TH AMENDMENT RIGHTS BY DELAYING AND DENYING PLAINTIFF MEDICAL

Supporting facts: TREATMENT WITH DELIBERATE INDIFFERENCE.

1. THE PLAINTIFF, CHARLES LAMONT WILLIAMS SUFFERED FOR OVER 2 YRS WITHOUT MEDICAL TREATMENT. BECAUSE OF THE DELAY AND DENIAL OF TREATMENT BY DEBORAH BORREGO AND DAYNA JOHNSON.

2. BORREGO AND JOHNSON ACTED WITH DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS.

3. BORREGO IS A MEDICAL PROVIDER FOR BVCF AND IS RESPONSIBLE FOR SCHEDULING ALL MEDICAL APPOINTMENTS FOR THE PLAINTIFF AT THE TIME OF THIS COMPLAINT.

4. ON AUGUST 5, 2015 PLAINTIFF FILED HIS FIRST SICK CALL REQUEST (KITE) FOR LOWER BACK PAIN AND FOOT PAIN.

5. AFTER 5 MORE 'KITES' PLAINTIFF FILED HIS STEP I, II, III GRIEVANCES FOR DENIAL OF MEDICAL TREATMENT.

6. ON DEC. 22, 2016 THE PLAINTIFF FILED A STEP II GRIEVANCE WHICH WAS DENIED BY DAYNA JOHNSON THE HEALTH SERVICES ADMINISTRATOR. JOHNSON OVERSEES THE ENTIRE MEDICAL DEPT.

4

D.                    STATEMENT OF CLAIMS (CON'T)
                     CLAIM ONE (CON'T)

7. JOHNSON WAS NOTIFIED OF PLAINTIFFS MEDICAL NEEDS BY
   CONVERSATION AND A STEP II GRIEVANCE IN WHICH SHE DENIED.

8. IN THE GRIEVANCE JOHNSON ADMITTS SPEAKING WITH THE PLAINTIFF
   ABOUT HIS MEDICAL REQUESTS. AS HEALTH SERVICES ADMINISTRATOR
   AND BORREGO'S SUPERVISOR, JOHNSON HAD ACCESS TO PLAINTIFFS
   FILE AND ALL SICK CALL REQUESTS.

9. JOHNSON ACTED WITH DELIBERATE INDIFFERENCE BY FAILING
   TO ACT AND DELAYING MEDICAL TREATMENT FOR THE SERIOUS
   MEDICAL NEEDS OF THE PLAINTIFF.

10. THE PLAINTIFF MUST RELY SOLELY ON THE ACCESS HIS FACILITY
    HAS IN PLACE FOR TREATMENT OF MEDICAL NEEDS. ALL MY 'KITES'
    WERE LOGGED INTO THE MEDICAL DEPT. DATABASE AND FORWARDED
    TO BORREGO.

11. BORREGO AND JOHNSON ACTED WITH DELIBERATE INDIFFERENCE
    TO THE PAIN AND SUFFERING OF THE PLAINTIFF BY DELAYING
    ALL FORMS OF REQUESTS FOR MEDICAL TREATMENT VERBALLY
    AND WRITTEN. DUE TO THIS DELAY THE PLAINTIFF IS NOW LIMITED
    IN RANGE OF MOTION AND IS PERMANENTLY ON PAIN MEDICATION
    FOR BOTH BACK AND FOOT PAIN.

12. THE FOOT PAIN THE PLAINTIFF SUFFERS FROM IS CALLED
    NEUROPATHY. AND IS CAUSED BY THE NERVES THAT RUN FROM
    THE SPINE TO THE FEET AND BACK UP TO REGISTER PAIN
    CONSTANTLY.

D.                          STATEMENT OF CLAIMS
                              CLAIM I (CON'T)

13. IN JULY OF 2017 THE PLAINTIFF SPOKE WITH NURSE LABOLLE
    IN THE HALLWAY OF BVCF. ABOUT NOT BEING TREATED FOR
    FOOT AND BACK PAIN. NURSE LABOLLE PLACED THE PLAINTIFF
    IN THE 'PAIN MANAGEMENT CLASS' AND SCHEDULED HIM to
    .SEE DR. LOFTIN. AFTER 8 SICK CALL REQUESTS.

14. ON AUGUST 1, 2017 THE PLAINTIFF TOOK XRAYS FOR HIS
    BACK. THE XRAYS SHOWED THE PLAINTIFF'S DISC BETWEEN HIS
    L3-L4 VERTEBRE WAS GONE. CALLED DEGENERATIVE DISC
    DISORDER.

15. THE PLAINTIFF SUFFERS FROM HIGH BLOOD PRESSURE AND OTHER
    MEDICAL CONDITIONS WHICH REQUIRE CONSTANT ATTENTION. THESE
    AND OTHER ISSUES HAVE BEEN TREATED BEFORE, DURING, AND
    AFTER PLAINTIFF COMPLAINED OF FOOT AND BACK PAIN.

16. BURREGO CHOSE TO NOT ACKNOWLEDGE THE PLAINTIFFS
    REQUESTS FOR TREATMENT CONTINUOUSLY FOR OVER 2 YRS.

17. THIS IS AND WAS A CONTINUOUS WRONGFUL ACT BY BOTH
    BURREGO AND JOHNSON. IT WAS AN ONGOING FAILURE TO
    TO TREAT AN ONGOING HARM.

18. A CONTINUOUS VIOLATION EXISTS IF 1) THE DEFENDANTS ENGAGE
    IN CONTINUING WRONGFUL CONDUCT 2) INJURY TO THE PLAINTIFF
    ACCRUES CONTINUALLY; AND 3) HAD THE DEFENDANTS CEASED
    THEIR WRONGFUL CONDUCT FURTHER INJURY WOULD HAVE BEEN
    AVOIDED.

D.                    STATEMENT OF CLAIMS (CON'T)
                     CLAIM ONE (CON'T)

19. THE PLAINTIFF DID NOT KNOW OF INJURY UNTIL X-RAYS
    ON AUGUST 1, 2017. SO, THEREFORE MY STATUTE OF
    LIMITATIONS STARTS.

20. DURING THAT TIME AND THE FILING OF THIS COMPLAINT THE
    PLAINTIFF SOUGHT LEGAL HELP TO NO AVAIL AND FINALLY HAD
    TO WRITE THIS COMPLAINT WITH THE USE OF A BOOK.

21. WHILE ALOT OF THE BULK OF THIS CLAIM ACCURED BEYOND
    THE TIME LIMITATIONS, TOLLING APPLIES BECAUSE OF THE
    CONTINUOUS VIOLATION.

22. THIS IS ONE CLAIM ARISING FROM A CONTINUING WRONGFUL
    ACTION. NOT CONTINUING INJURY ACCRUING FROM AN
    EARLIER WRONG.

23. THE BASIS OF THIS COMPLAINT IS AN ONGOING FAILURE TO TREAT
    AN ONGOING HARM.

                    CLAIM TWO

    ANDREW KING, JENNIFER HANSEN, DAVID LISAC, REBECCA
VOLZ, AND JOHN DOE VIOLATED THE EQUAL PROTECTION CLAUSE AND
MY FIRST AMENDMENT RIGHT TO FREELY EXERCISE MY NATIVE
AMERICAN RELIGION.

D.

STATEMENT OF CLAIMS

CLAIM TWO (con't)

1. DEFENDANTS KING, HANSEN, LISAC, VOLZ, AND DOE CONTINUOUSLY DETER THE PLAINTIFF FROM PARTICIPATING IN SWEATLODGE AND PIPE CEREMONIES BY PLACING A SUBSTANTIAL BURDEN UPON PLAINTIFF.

2. KING, HANSEN, LISAC, VOLZ, AND DOE ARE PART OF THE MANAGE-MENT TEAM AND ARE RESPONSIBLE FOR MAKING POLICIES AND DECISIONS THAT EFFECT SECURITY AND RELIGIOUS ACTIVITIES.

3. THE NATIVE AMERICAN RITUALS AND BELIEFS REQUIRE CERTAIN PRACTICES THAT CANNOT BE CONDUCTED INSIDE A CELL OR BUILDING. THUS, THE NEED TO HAVE A DESIGNATED AREA FOR THESE PRACTICES.

4. BY PLACING AND ENFORCING CERTAIN POLICIES AND RULES, WRITTEN AND UNWRITTEN. KING, HANSEN, LISAC, VOLZ, AND DOE, PUT PRESSURE ON THE PLAINTIFF TO FORGO PARTICIPATING IN HIS SINCERELY HELD BELIEF. THAT HAVE NO LEGITIMATE PENOLOGICAL INTRESTS.

5. SINCE AUGUST OF 2015 TO DATE KING HAS IMPLEMENTED A 'STANDING ORDER' THAT THE PLAINTIFF AND ALL NATIVE AMERICAN OFFENDERS BE STRIPPED SEARCHED UPON RETURNING FROM THE NATIVE AM. RELIGIOUS AREA.

6. STRIP SEARCHES ARE NOT CONDUCTED AFTER THE CONCLUSION OF CHRISTIAN, MUSLIM, OR JEWISH RELIGIOUS ACTIVITIES.

7. WHILE STRIP SEARCHES ARE AND DO SERVE PENOLOGICAL INTEREST OF SAFTEY AND SECURITY. IN THIS INSTANCE THE SEARCHES DO NOT.

D.                          STATEMENT OF CLAIMS
                           CLAIM TWO (CON'T)

7 (CON'T). SIMPLY BECAUSE THESE SEARCHES ARE NOT CONDUCTED
'UNIVERSALY'. IF SUCH AN INTEREST EXISTS THEN IT SHOULD BE
CONDUCTED TO ALL AND EVERY GROUP. THIS FACILITY DOES NOT STRIP
SEARCH IT'S WORK CREWS IN THIS MANNER.

8. PLAINTIFF HAS BEEN INCARCERATED FOR MULTIPLE YEARS AND IN
SEVERAL DIFFERENT CUSTODY LEVELS AND MANY OF CDOC'S
FACILITIES. AND BUENA VISTA IS ONLY ONE OF TWO FACILITIES IN
ALL OF CDOC TO STRIP SEARCH THE NATIVE AM. AFTER THEIR
CEREMONIES AND NEITHER FACILITIES TREAT ANY OTHER RELIGIOUS
GROUPS IN THIS MANNER.

9. SINCE AUGUST 2015 TO DATE VOLZ AND DOE HAVE CONTINUOUS-
-LY FORCED THE PLAINTIFF TO PURCHASE WOOD FOR OUR CEREMON-
-IES AT $180.ºº A CORD. WHICH IS AN EXTREME AMOUNT OF MONEY
WHEN MOST OFFENDERS ONLY MAKE AROUND $15.ºº PER MONTH OF
STATE PAY.

10. THE PLAINTIFF FOUND A NEW VENDOR, CHALK CREEK CHASING
IN BUENA VISTA, TO SELL CORDS AT $90.ºº A CORD. THIS VENDOR
WAS APPROVED. THERE HAS BEEN NO ATTEMPT BY VOLZ OR
ANYONE AT BVCF. TO FIND US WOOD AT A CHEAPER COST.
TO HELP ELEVIATE THE COSTS OF A CORD.

11 PLAINTIFF IS ONLY USING THIS VENDOR AS AN EXAMPLE, BUT, SINCE
ALLOWING US TO PURCHASE FROM THEM WE HAVE NOT PURCHAS-
-ED WOOD FROM THEM. VOLZ HAS SOLE DISCRETION WHEN MAKING
AN ORDER. AND ONLY CHOSE TO ORDER THE $180.ºº CORD.

D.                    STATEMENT OF CLAIMS
                     CLAIM TWO (CON'T)

12. THIS SERVES NO GOVERNMENT INTEREST TO FORCE US TO
    PURCHASE WOOD AT SUCH A HIGH PRICES. THIS FACILITY HAS
    WORK CREWS THAT GO OUTSIDE THE FACILITY AND CUT WOOD
    THE WOOD CUT GOES TO A FIELD NEAR BVCF WHERE IT'S
    DONATED TO THE SURROUNDING COMMUNITIES.

13. ALLOW PLAINTIFF TO PURCHASE CORDS OF WOOD FROM BVCF
    WOULD BE LESS RESTRICTIVE. AT A REASONABLE PRICE.

14. FROM AUGUST 2015 THROUGH SEPT. 11, 2017, HANSEN, LISAC, VOLZ,
    KING, AND DOE FORCED THE PLAINTIFF TO USE AN UNSANITARY
    'PORT O' POTTY'. IT WAS NOT CLEANED REGULARLY. SOMETIMES FOR
    MONTHS. AT A TIME.

15. THIS WAS THE ONLY FACILITIES AVAILABLE TO PLAINTIFF AND
    THE NATIVE AM. RELIGIOUS GROUP DURING AN 8 HR. PERIOD.
    DURING NATIVE AM. CEREMONIES.

16. AFTER FILING STEP I GRIEVANCE FOR 'SUBSTANTIAL BURDEN'.
    THE PORT 'O' POTTY WAS REMOVED AND PLAINTIFF GETS A
    RESTROOM BREAK EVERY HOUR IN THE GYM.

17. FROM AUGUST OF 2015 TO DATE THE DEFENDANTS KING,
    HANSEN, LISAC, VOLZ, AND DOE FORCE THE PLAINTIFF TO CARRY
    5 GALLON BUCKETS OF WATER FROM THE GYMNASIUM TO THE
    NATIVE AM. FAITH AREA FOR CEREMONIES.

18. CARRYING THESE 5 GALLON BUCKETS APPROX. 200FT. UP
    TWO FLIGHTS OF STAIRS IS AKIN TO FORCED LABOR. (CON'T)

D                          STATEMENT OF CLAIMS
                           CLAIM TWO (CON'T)

18. (CON'T) PLAINTIFF NEEDS WATER TO CONDUCT CEREMONIES AND
    TO DRINK AND RINSE OFF. ALSO, TO PUT OUT FIRE.

19. NO GOVERNMENT INTEREST EXISTS BECAUSE OUR AREA CAN BE
    MOVED OR RUNNING WATER INSTALLED. A LARGE FIRE IS USED
    TO HEAT ROCKS. IT ONLY MAKES SENSE, FOR SAFETY TO HAVE
    WATER AVAILABLE IN ABUNDANCE. NOT JUST 3 OR 4 5 GALLON
    BUCKETS. EVERY OTHER FACILITY THAT (IN CDOC) HAS A NATIVE
    AM. FAITH AREA HAS RUNNING WATER

20. THE PLAINTIFF AND THE NATIVE AM. RELIGIOUS GROUP ARE
    LOCKED INTO OUR FAITH AREA. SURROUNDED BY 14 FOOT
    FENCES WITH ROLLS OF RAZOR WIRE ALONG THE TOP AND
    SUSPENDED TO THE GROUND IN THE CORNERS. SAFETY OF
    PLAINTIFF AND OTHER NATIVE AM. OFFENDERS IS SECOND TO
    SECURITY. AT BVCF.

21. SINCE AUGUST, 2015 TO DATE KING, HANSEN, LISAC, VOLZ, AND
    DOE HAVE FORCED PLAINTIFF TO ENDURE CONSTANT DISRUP-
    - TION AND DISRESPECT CAUSED BY OTHER OFFENDERS AND STAFF
    BECAUSE OF THE LOCATION OF THE NATIVE AM. FAITH AREA.

22. ALL OTHER RELIGIOUS GROUPS ARE GIVEN ACCESS TO AN
    AREA FOR PRIVACY AND QUIET. PRISON IS LOUD. THERE IS NO
    GOV. INTERESTS TO HAVE PLAINTIFF'S RELIGIOUS PRACTICES
    INTERRUPTED FOR NO REASON.

23. NO OTHER FACILITY IN CDOC ALLOWS THIS TO HAPPEN TO
    ANY RELIGIOUS GROUP.

D.                          STATEMENT OF CLAIMS
                            CLAIM TWO (CON'T)

24. ALL OF THESE FACTS TAKEN INDIVIDUALLY, WHILE VERY
    IMPORTANT, SEEM EASILY REMEDIED. BUT, AS A WHOLE MAKE
    UP A CONTINUOUS PATTERN OF FORCING THE PLAINTIFF TO
    "OVERCOME" OBSTICLES AND PREVENTS PLAINTIFF TO SIMPLY
    PARTICIPATE IN HIS SINCERELY HELD BELIEF. THIS PRESSURE
    ONLY SERVES TO DETER PLAINTIFF.

                    CLAIM THREE

         ANDREW KING, DAVID LISAC, JENNIFER HANSEN, REBECCA VOLZ,
    AND JOHN DOE VIOLATED MY FIRST AMENDMENT RIGHTS TO FREELY
    EXCERSIZE MY NATIVE AMERICAN RELIGION AND TO BE FREE FROM
    RETALIATION FOR EXCERCISING MY RELIGIOUS RIGHT. AS WELL AS
    THE EQUAL PROTECTION CLAUSE.

1. ON JULY 29, 2017 KING AND SEVERAL NATIVE AM. OFFENDERS GOT
   INTO AN ARGUEMENT WHEN WE WERE GOING AND RETURNING
   FROM THE NATIVE AM. FAITH AREA OVER A SEPERATE SECURITY
   ISSUE. SEVERAL DAYS LATER KING CONTACTED VOLZ TO FIND OUT
   IF KING COULD FORCE PLAINTIFF TO WEAR FULL GREEN UNIFORM
   TO, FROM, AND DURING OUR CEREMONIES.

2. ON AUGUST 4, 2017 VOLZ SENT AN EMAIL TO LT. CAMPS. (VOLUN-
   -TEER RELIGIOUS COORDINATOR) AT THAT TIME, INFORMING CAMPS WE
   HAD TO WEAR OUR FULL GREEN UNIFORM TO, FROM, AND DURING
   OUR CEREMONIES. PRIOR TO THE INCIDENT ON JULY 29, 2017
   THIS RULE DID NOT EXIST.

D.                    STATEMENT OF CLAIMS
                     CLAIM THREE (con't)

3. THE WEARING OF THE FULL GREEN UNIFORM TO AND FROM
   IS A BASIC SECURITY ISSUE. ALL OTHER RELIGIOUS GROUPS
   MUST WEAR FULL UNIFORM TO AND FROM THEIR DESIGNATED
   AREAS.

4. PLAINTIFF HAS BEEN IN THIS FACILITY SINCE AUGUST OF 2015
   AND UNTIL AUGUST 4, 2017, THE PLAINTIFF WAS ALLOWED TO
   WEAR RECREATION ATTIRE TO AND FROM NATIVE AM. FAITH
   AREA.

5. ANDREW KING HAS WORKED AT BVCF. FOR APPROX. 17 yrs. AND
   HAS BEEN SHIFT SUPERVISOR FOR AS LONG AS THE PLAINTIFF
   CAN REMEMBER. IF THIS WAS SUCH A COMPELLING GOVERNMENTAL
   INTEREST THEN IT SHOULD HAVE BEEN ADDRESS AT SOME EARLIER
   TIME. AND WHY WOULD THE SHIFT SUPERVISOR NEED TO CONSULT
   THE REGIONAL VOLUNTEER COORDINATOR REBECCA VOLZ.

6. KING, LISAC, HANSEN, VOLZ, AND DOE USED A VAGUE SENTENCE
    AT THE END OF CDOC AR-800-01, WHICH CLAIMED A "STANDARD
   DRESS" CODE FOR THE NATIVE AM. FAITH AREA ONLY. FOR WHICH
   NO DEFINITION EXISTS FOR "STANDARD DRESS CODE".

7. ON DEC. 15, 2017 THE POSTED OPERATIONAL RULE FOR THE
   NATIVE AM. FAITH AREA WAS CHANGED TO ACCOMEDATE THE
   ENFORCEMENT OF THE 'FULL GREEN UNIFORM' RULE. AND THE
   NEW POLICY ONLY APPLIES TO THE NATIVE AM. FAITH AREA.

8. IN JANUARY 2019 THE PLAINTIFF RECIEVED ANOTHER COPY OF
   CDOC AR 800-01 AND STANDARD DRESS CODE LANGUAGE IS NOT
   IN THE A.R. 800-01. ANY LONGER.

D.                         STATEMENT OF CLAIMS
                           CLAIM THREE (CON'T)

9. ON APRIL 21, 2018 THE PLAINTIFF RECIEVED A NOTICE FROM
VOLZ THAT THE USE OF TOBACCO BY PLAINTIFF AND NATIVE AM.
RELIGIOUS GROUP WAS SUSPENDED FOR 30 DAYS (FROM APRIL 21,
2018 TO MAY 19, 2018). DUE TO A SUBSTANCE STAFF SAID WAS OUR
TOBACCO MIX BEING FOUND IN OFFENDER TED MITTCHELL'S CELL.

10. OFFENDER TED MITTCHELL IS NOT, NOR HAS HE BEEN A MEMBER
OF THE NATIVE AMERICAN RELIGIOUS GROUP. NOR HAS HE BEEN
TO ANY OF OUR CEREMONIES TO HAVE ACCESS TO OUR TOBACCO.
THE PLAINTIFF HAS NEVER MET TED MITTCHELL.

11. VOLZ, HANSEN, LISAC, AND DOE MADE THE DECISION TO SUSPEND
OUR TOBACCO USE IN OUR CEREMONIES FOR 30 DAYS WITHOUT ANY
CDOC POLICY ALLOWING THIS AS A REMEDY.

12. ONCE THE "TOBACCO" WAS REMOVED FROM OFFENDER MITTCHELL'S
POSSESSION THERE WAS NO THREAT TO THE SAFTEY OR SECUR-
- ITY OF B.V.C.F. THUS, THE SUSPENSION WAS RETALIATORY
ONLY. NO GOVERNMENT INTEREST WAS SERVED IN PUNISHING
PLAINTIFF FOR THE ALLEGED ACTIONS OF ANOTHER OFFENDER.

13. ON MAY 4, 2018 PLAINTIFF WAS INFORMED BY LT. ATCHISON THAT
VOLZ, LISAC, HANSEN, AND, DOE HAD MADE A DECISION TO
SUSPEND ALL NATIVE AM. RELIGIOUS ACTIVITIES UNTIL FURTHER
NOTICE.

14. DURING THIS PERIOD THE CHRISTIANS AND MUSLIMS WERE ALLOWED
TO CONDUCT THEIR CEREMONIES. THE CHRISTIANS MAY 5 TO MAY 6, 2018
AND THE MUSLIMS MAY 11, 2018.

D.                          STATEMENT OF CLAIMS
                            CLAIM THREE (CON.T)

15. ON MAY 13, 2018 THE PLAINTIFF FILED A STEP I GRIEVANCE IN
    WHICH VOLZ DENIED. ESSENTIALLY STATING THAT DURING LOCK
    DOWN AND MODIFIED OPERATIONS ALL NON-SUPERVISED FAITH
    OBSERVANCES WERE SUSPENDED. WHILE ON LOCKDOWNS NOTHING
    IS ALLOWED PER SECURITY, OTHER ACTIVITIES ARE ALLOWED ON
    MODIFIED LOCK DOWNS. THE PLAINTIFF COULD NOT FIND ANY POLICY
    IN REGARDS TO RELIGIOUS ACTIVITIES WITH VOLUNTEERS HOLDING
    PRECEDENT OVER RELIGIOUS ACTIVITIES THAT DO NOT HAVE
    VOLUNTEERS. AS FAR AS THE PLAINTIFF IS CONCERNED NO SUCH
    POLICY EXISTS.

16. WHILE THE PLAINTIFF AND THE NATIVE AM. RELIGIOUS GROUP DOES
    NOT HAVE VOLUNTEERS TO SUPERVISE OUR RELIGIOUS ACTIVITIES.
    WE ARE ON CONSTANT SURVEILLENCE AND OUR FAITH AREA IS
    SECURED BY 14 FT FENCES WITH ROLLS OF RAZOR WIRE COMPLETLY
    SURROUNDING IT AND SUSPENDED TO THE GROUND FROM THE TOP
    IN THE CORNERS. NO OTHER GROUPS FAITH AREA IS SO SECURED
    IN CDOC.

17. NO RELIGIOUS GROUP IS THE SAME BUT ALL ARE AFFORDED
    EQUAL PROTECTION AND AN 'EVEN-HANDED' TREATMENT IS
    REQUIRED.

18. ON NOV. 18, 2017 KING DENIED PLAINTIFF AND ANOTHER OFFENDER
    ACCESS TO THE NATIVE AM. FAITH AREA FOR PIPE CEREMONY.
    PLAINTIFF'S FAITH AREA IS THE ONLY PLACE DESIGNATED FOR THIS.

D.                          STATEMENT OF CLAIMS
                           CLAIM THREE (CON'T)

19. ON OCT. 16, 2017 THE PLAINTIFF FILED A STEP III GRIEVANCE
    AGAINST B.U.C.F ADMINISTRATION FOR SUBSTANTIAL BURDEN AND
    THE OVERALL ACTS OF PREJUDICE AND DISCRIMINATION BEING
    PERPETUATED AGAINST PLAINTIFF AND THE NATIVE AM. RELIGIOUS
    GROUP.

20. ON NOV. 14, 2017 THE PLAINTIFF RECIEVED NOTICE THAT HIS
    STEP III GRIEVANCE WAS BEING INVESTIGATED BY GRIEVANCE
    OFFICE ANTHONY DECESARO.

21. ONLY FOUR DAYS LATER ON NOV. 18, 2017 KING DENIES PLAINTIFF
    AND OTHER OFFENDER ACCESS TO NATIVE. AM. FAITH AREA.

22. ACCORDING TO CDOC AR-800-01 TWO OFFENDERS ARE REQUIR-
    -ED TO HAVE A PIPE CEREMONY. WHICH WAS EXACTLY WHAT WE
    WERE GOING TO DO PLAINTIFF WAS ACTING WITHEN THE DIRECTIVES
    OF CDOC POLICY. AND KING STILL DENIED PLAINTIFF ACCESS.

23. PLAINTIFF REQUESTED TO SPEAK WITH KING THROUGH SGT. MANN
    WHO WAS HOUSING SGT. AT THAT TIME. KING REPLIED HE WOULD
    NOT SPEAK TO ME AND "THERE WAS NOT ENOUGH OFFENDERS
    TO GO TO SWEATLODGE AREA." AND TO FILE A GRIEVANCE.

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ____ Yes ✓ No (*check one*).

*If your answer is "Yes," complete this section of the form.  If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit.  Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                 _____

Docket number and court:              _____

Claims raised:                                    _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)    _____

Reasons for dismissal, if dismissed:     _____

Result on appeal, if appealed:              _____


## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions.  See 42 U.S.C. § 1997e(a).  Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

✓ Yes ___ No (*check one*)

5

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

OFFICIAL CAPACITY CLAIM ONE: DECLARATORY AND INJUNCTIVE RELIEF DECLARING: 1) TO ALLOW PLAINTIFF TO ORDER/PURCHASE TENNIS SHOES AND BOOTS TWICE A YEAR FROM A VENDOR OF PLAINTIFF'S CHOICE TO RELIEVE THE NEUROPATHY IN PLAINTIFF'S FEET AND HIS BACK PAIN, AS WELL AS INSOLES FOR SHOES AND BOOTS. 2) TO ISSUE PLAINTIFF A MEDICAL MATTRESS AND PILLOW AND A BOTTOM BUNK RESTRICTION FOR AS LONG AS PLAINTIFF IS INCARCERATED TO RELIEVE PLAINTIFF'S BACK PAIN CAUSED BY THE DETERIORATED DISC IN HIS LOWER BACK DUE TO THE DELAY/DENIAL OF MEDICAL TREATMENT. 3) TO BE HOUSED IN FOUR MILE CORR. CENTER INDEFINITLY FOR BETTER MEDICAL CARE. INDIVIDUAL CAPACITY: DEBORAH BORREGO AND DAYNA JOHNSON SHALL PAY $50,000.⁰⁰ EACH PER YEAR FOR A TOTAL OF ($200,000⁰⁰ IN COMPENSATORY DAMAGES) FOR VIOLATING PLAINTIFF'S 8ᵀᴴ AMENDMENT RIGHTS. PLAINTIFF REQUESTS COURT COSTS AND FILING FEES AND JURY TRIAL DEMAND

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

March 31, 2019
_____
(Date)

(Form Revised December 2017)

6

# G.                    REQUEST FOR RELIEF

CLAIM TWO:

OFFICIAL CAPACITY: DECLARATORY AND INJUNCTIVE RELIEF DECLARING:
1. TO MOVE THE NATIVE AM. FAITH AREA AWAY FROM RECREATION YARD TO
RELIEVED NOISE AND DISRUPTIONS BY OTHER OFFENDERS. 2) TO BE FREE
FROM UNWARRENTED, UNNECESSARY AND PREEJUDICIAL STRIP SEARCHES
AFTER NATIVE AM. RELIGIOUS ACTIVITIES. 3. THAT BVCF/CDOC HELP WITH
COSTS OR DONATE WOOD AND OTHER ITEMS NEEDED FOR PLAINTIFF'S
CEREMONIES FOR ALL NATIVE AM. RELIGIOUS GROUPS IN CDOC OR
PRIVATELY RUN FACILITIES. 4. TO HAVE A SHELTAIR BUILT ON FAITH AREA
TO PROTECT US FROM EXTREME WHEATHER CONDITIONS. 5. TO PROVIDE
RUNNING WATER SOURCE ON FAITH AREA GROUNDS. 6. TO BE ALLOWED
TO WEAR SHORTS AND T-SHIRTS OR SWEATPANTS/SHIRT WHILE ON
FAITH AREA GROUNDS. 7. TO BE FREE FROM RETALIATORY AND DISCRIM-
-INATORY ACTIONS FROM BVCF STAFF.

INDIVIDUAL CAPACITY:
ANDREW KING, JENNIFER HANSEN, DAVID LISAC, REBECCA VOLZ, SHALL
PAY $20,000, EACH PER YEAR FOR A TOTAL OF ($300,000.ºº IN
COMPENSATORY DAMAGES) FOR VIOLATING MY FIRST AMENDMENT RIGHTS
AND THE EQUAL PROTECTION CLAUSE.

PLAINTIFF REQUESTS COURT COST AND FILING FEES AND JURY TRIAL
DEMAND.

CLAIM THREE:

OFFICIAL CAPACITY: DECLARATORY AND INJUNCTIVE RELIEF
DECLARING: 1. FOR THE COURT TO RULE THAT THE DEFENDANTS DID
RETALIATE AGAINST PLAINTIFF AND THAT ALL PAST, PRESENT, AND
FUTURE RETALIATION WILL NOT CONTINUE. 2. PLAINTIFF BE ALLOWED
TO ORDER A VIDEO GAME CONSOLE (XBOX OR PS4) OF PLAINTIFFS
CHOICE, AT HIS EXPENSE AND 30 GAMES AND 50 MOVIES TO ALL BE

G.                    REQUEST FOR RELIEF

CLAIM THREE (CON'T)

   OFFICIAL CAPACITY (CON'T)

IN PLAINTIFF'S POSSESSION INDEFINITLY AND AT ANY FACILITY OR
CUSTODY LEVEL PLAINTIFF IS HOUSED AT. AND $1500.$^{\underline{00}}$ CANTEEN
CREDIT

   INDIVIDUAL CAPACITY

ANDREW KING, DAVID LISAC, JENNIFER HANSEN, REBECCA ULLZ
SHALL PAY $7,500$^{\underline{00}}$ EACH FOR A TOTAL OF ($ 37,500 IN COMPEN-
-SATORY DAMAGES) FOR VIOLATING PLAINTIFFS FIRST AMENDMENT
RIGHTS TO BE FREE FROM RETALIATION AND VIOLATING EQUAL
PROTECTION CLAUSE.

PLAINTIFF REQUESTS COURT COSTS AND FILING FEES AND JURY
TRIAL DEMAND.

CERTIFICATE OF SERVICE

I, CHARLES L. WILLIAMS, PLAINTIFF, DO HEREBY
CERTIFY A COPY OF THIS AMENDED PRISONER COMPLAINT WAS
MAILED TO:

        ATTORNEY GENERAL
        PHIL WEISER
        1300 BROADWAY, 10th FL.
        DENVER, COLORADO 80203

    AND:

        CLERK OF THE COURT
        ALFRED A ARRAJ UNITED STATES COURTHOUSE
        901 19th ST., ROOM A105
        DENVER, COLORADO 80294-3589

ON THIS 10th DAY OF APRIL, 2019

                        C.L.H. Williams
                        PLAINTIFF

Charles E. Williams
#2344
Buef / P.O. Box 2001
Buena Vista, Colorado
81211-2017

Buena Vista Correctional Complex
P.O. Box 2017
Buena Vista CO 81211

Restricted Inspection
Mail

Clerk of the Court
Alfred A. Arraj United States Courthouse
901 19th Street, Room A105
Denver, Colorado
80294-3589

Restricted Inspection
Mail

neopost
04/11/2019
US POSTAGE $01.60⁰

ZIP 81 211
041L11230983





Restricted Inspection Mail

Restricted Inspection Mail

Restricted Inspection Mail Stamp

BUCK
FACILITY

4/10/19
DATE REC'D

S Hahm
STAFF LAST NAME

239025H
ID#        INT

82344
DOC#

WILLIAMS
OFFENDER LAST NAME

CLW
INT