IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CV-00371-RBJ-MEH

CHARLES WILLIAMS,

     Plaintiff,

v.

DEBORAH BORREGO,
DAYNA JOHNSON,
ANDREW KING,
JENNIFER HANSEN,
DAVID LISAC,
REBECCA VOLZ, and
JOHN DOE

     Defendants.

---

## DEFENDANTS' RULE 12(B)(6) PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

     Defendants Deborah Borrego, Dayna Johnson, Andrew King, Jennifer Hansen, David Lisac and Rebecca Volz (collectively "Defendants"), through the Colorado Attorney General, move to dismiss various of the claims[1] in Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants state the following in support thereof:

---

[1] This motion requests the dismissal of all claims against Defendants in their individual capacities, Plaintiff's Eighth Amendment claim against Defendants in their official capacities, and the First and Fourteenth Amendment claim against Defendants in their official capacities insofar as it seeks money damages. Defendants do not seek dismissal of Plaintiff's First and Fourteenth Amendment official capacity claims seeking solely prospective relief in this motion. However, Defendants will seek judgment on all of Plaintiff's claims in a separate Motion for Summary Judgment asserting that all of Plaintiff's prospective official capacity claims are barred for failure to exhaust administrative remedies, to be filed contemporaneously with this motion. As explained in that contemporaneous motion, Defendants particularly note that although they concede that Plaintiff *has* exhausted his administrative remedies with respect to two grievances – one concerning tobacco supplied for Native American religious ceremonies, and one concerning

1

## D.C.COLO.LCivR 7.1(b)(1) Certification

In accordance with D.C.COLO.LCivR 7.1(b)(1), because Plaintiff Charles Williams is an unrepresented prisoner, undersigned counsel was not required to confer with Mr. Williams before filing this Motion.

## SUMMARY OF CLAIMS AND ALLEGATIONS

Mr. Williams is incarcerated by the Colorado Department of Corrections ("CDOC") at the Buena Vista Correctional Facility ("BVCF"). In his Complaint, Mr. Williams asserts that Defendants, who are CDOC staff members, have violated his First, Eighth, and Fourteenth Amendment rights. Specifically, Mr. Williams alleges that Defendants violated his Eighth Amendment rights by denying him necessary medical treatment for lower back and foot pain. He further alleges that that Defendants violated his First and Fourteenth Amendment rights by unequally and substantially burdening offender participation in ceremonial rites associated with Mr. Williams' Native American religion.

With respect to Mr. Williams' Eighth Amendment claims, he alleges that he initially requested treatment for lower foot and back pain on August 5, 2015. (Doc. 9, at p. 6, ¶ 4.) After several requests for medical treatment were denied, he filed administrative grievances which were also denied. (*Id.* at p. 6, ¶ 5.)  In July of 2017, Mr. Williams spoke with BVCC "Nurse LaBolle" regarding his lower foot and back pain, and she placed him in a pain management class. (*Id.* at p. 8, ¶ 13.)  On August 1, 2017, an x-ray of Mr. Williams' back led to his diagnosis with degenerative disk disorder. (*Id.* at p. 8, ¶ 14.) Mr. Williams states that he received treatment for various other medical conditions "before, during, and after" seeking treatment for foot and

---

the suspension of such ceremonies – he is not seeking prospective, injunctive relief involving those grievances, and thus they would be resolved entirely by the Motion to Dismiss (if granted).

back pain. (*Id.* at p. 8, ¶ 15.) Defendants move to dismiss Mr. Williams' Eighth Amendment claim in its entirety.

As for his claims involving the practice of his Native American religion, Mr. Williams alleges that his First Amendment rights have been substantially burdened by Defendants King, Hansen, Lisac, Volz, and Doe through their enforcement of CDOC policies attendant to the practice of those Native American religious rites at BVCF. Specifically, Mr. Williams alleges that Defendants have improperly burdened his religious practice by: (1) requiring offenders to be strip searched upon returning from the Native American religious area; (2) imposing excessive costs imposed for wood used in Native American ceremonies; (3) failing to provide running water in the Native American religious area; (4) providing an unsanitary temporary restroom for use during Native American religious ceremonies; and (5) security measures and a lack of privacy around the Native American religious area. Mr. Williams further alleges that Defendants violated his First Amendment rights and denied him equal protection under the law when they: (a) changed operational rules to require offenders to wear their full green uniform on the way to and from the Native American religious area; (b) suspended for thirty days practicing offenders' use of tobacco in religious ceremonies; and (c) prevented offenders from conducting Native American ceremonies on May 4, 2018 and November 14, 2017. Defendants are moving to dismiss Mr. Williams' First and Fourteenth claims against them in their individual capacities, as well as any official capacity claims seeking money damages. They are not moving to dismiss his First and Fourteenth Amendment claims against them in their official capacities seeking solely prospective injunctive relief. However, as noted above, Defendants will also seek summary judgment on all of Mr. Williams' claims – including his First and Fourteenth Amendment

official capacity claims seeking prospective injunctive relief – because those claims are barred due to Plaintiff's failure to exhaust administrative remedies.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). To withstand a Rule (b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The ultimate duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren,* 478 F.3d 1149, 1160 (10th Cir. 2007).

For purposes of a Rule 12(b)(6) dismissal motion, the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.[2] *See Morse v. Regents of the Univ. of Colo.,* 154 F.3d 1124, 1126-27 (10th Cir. 1998). While detailed factual allegations are not required, a plaintiff must assert "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint will not suffice if it tenders "naked assertion[s]" devoid of "further

---

[2] Defendants note that Mr. Williams is proceeding as a *pro se* litigant. A court must construe such a pro se complaint liberally. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). However, the court has no duty to assume the role of advocate for a pro se plaintiff, nor will it supply additional facts, nor construct a legal theory for him. *See Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557).

## ARGUMENT

**I.    Plaintiffs' claims against Defendants in their official capacities seeking money damages and declaratory relief are barred by the Eleventh Amendment.**

Mr. Williams has named all Defendants in both their individual and official capacities. (Doc. 9, pp. 3-4.) By suing Defendants in their official capacities, Mr. Williams is attempting to impose liability on their employer, CDOC. *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988), *abrogated on other grounds by Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). Pursuant to the Eleventh Amendment, states and their agencies generally are not subject to suit for money damages or retrospective injunctive relief in federal court. *See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). In such cases, the Eleventh Amendment "constitutes a bar to the exercise of federal subject matter jurisdiction." *Fent v. Oklahoma Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000).

In addition, a § 1983 action may only be brought against a "person." 42 U.S.C. § 1983. "Neither states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983." *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994). Therefore, Mr. Williams' claims against Defendants in their official capacities should be dismissed to the extent that they seek monetary or similar declaratory relief. *See White v. State of Colo.*, 82 F.3d 364, 366 (10th Cir. 1996).

**II.   Plaintiff's Eighth Amendment claims for wrongful denial of medical treatment were filed outside the applicable statute of limitations.**

Mr. Williams' claims for wrongful denial of medical treatment should be dismissed because the applicable statute of limitations has lapsed.[3] In Colorado, claims for violations of civil rights under § 1983 are subject to a two-year statute of limitations. *See* C.R.S. § 13-80-102(1); *Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010). A civil rights action accrues when "facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (quoting *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 645 (5th Cir. 1988)). Plaintiff initiated this action on February 11, 2019, and filed the operative complaint on April 15, 2019. (Doc. 1; Doc 9.)

In his Complaint, Mr. Williams concedes that "the bulk of this claim accrued beyond the time limitations." (Doc. 9, at p. 9, ¶ 21.) The Complaint indicates that Mr. Williams initially sought medical treatment for foot and back pain in August 2015, and that request was denied. (*Id.* at p. 6, ¶ 4.) Thus, his claim for wrongful denial of medical treatment accrued at that time.

Mr. Williams alleges that the statute of limitations in this case should be tolled because Defendants' denial of medical treatment constitutes a continuing violation of Mr. Williams' Eighth Amendment rights. (Doc. 9, at p. 9, ¶ 21.) However, Mr. Williams has not alleged facts that could allow the Court to toll the statute of limitations in this case.[4] The continuing violation

_____

[3] While a statute of limitations argument normally is raised as an affirmative defense, and thus it is typically asserted in a motion for summary judgment under Rule 56, "[a] plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c). This comes to the same thing as a dismissal under Rule 12(b)(6), and opinions, including some by this court, often use the two interchangeably." *Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012); *accord Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) ("To be sure, on occasion it is proper to dismiss a claim on the pleadings based on an affirmative defense. But that is only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements.").

[4] As a threshold matter, the Tenth Circuit has never held that the continuing violation doctrine applies in § 1983 cases. *See Graham v. Taylor*, 640 Fed. App'x 766, 769 n. 2 (10th Cir. 2016) (citing *Canfield v. Douglas Cty.*, 619 Fed. App'x 774, 778 (10th Cir. 2015)).

doctrine permits courts to hear claims that initially accrued outside the applicable statute of limitations "so long as an injurious act falls within the statute of limitations period." *Graham*, 640 Fed. App'x at 769 (quoting *Burkley v. Corr. Healthcare Mgmt. of Okla., Inc*., 141 Fed. App'x 714, 716 (10th Cir. 2005). In his Complaint, Mr. Williams alleges that Defendants' denied him medical treatment for lower back and foot pain in 2015 and 2016. (Doc. 9, at p. 6, ¶ 1.) He has not alleged that Defendants have denied him treatment in any way since April 15, 2017, which is the outer limit of the applicable two-year statute of limitations based on the filing date of the Complaint. In fact, Mr. Williams' allegations regarding Defendants' conduct since April 15, 2017 indicate that since that time he has been placed in a pain management class, received an x-ray to diagnose his back condition, and received treatment for "high blood pressure and other medical conditions." (Doc. 9, at p. 8, ¶ 15.) The Complaint does not include any allegations that Defendants have denied Mr. Williams medical care within the applicable two-year statute of limitations, and so his Eighth Amendment claims must be dismissed as untimely.

### III. Defendants named in their individual capacities are immunized from Plaintiff's First and Fourteenth Amendment claims by qualified immunity.

Public employees acting in their individual capacities are presumed to be immune from liability pursuant to the doctrine of qualified immunity. *See Schalk v. Gallemore*, 906 F.2d 491, 499 (10th Cir. 1990). Qualified immunity applies in "all but the most exceptional cases," *Rachamim v. Ortiz*, 147 Fed. App'x 731, 734 (10th Cir. 2005) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998)), and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity is "an *immunity from suit* rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original).

Once the defense of qualified immunity is asserted, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. *See Davis v. Scherer*, 468 U.S. 183, 197 (1984); *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001). To overcome a defendant's qualified immunity, the plaintiff must prove: (1) defendants violated the plaintiff's federal constitutional or statutory right; and (2) the right was clearly established at the time of the violation in the circumstances faced by defendants. *See Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (quoting *Weigal v. Broad*, 544 F.3d 1143, 1150 (10th Cir. 2008)).

Defendants believe that Mr. Williams ultimately would be unable to prove that Defendants violated his First or Fourteenth Amendment rights. Indeed, even when taken as true, it seems unlikely that the facts alleged in the Complaint should be interpreted to establish that Defendants placed a substantial burden on Mr. Williams' ability to observe his Native American faith. *See, e.g., Runningbird v. Weber*, 198 Fed. App'x 576, 578 (8th Cir. 2006) (holding that restrictions placed on Native American sweat lodge and tobacco access were not unconstitutional). As such, in that view, because Mr. Williams would not have alleged that Defendants violated his constitutional rights *at all*, so "there [would be] no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 226 (2009).

However, the Court need not even reach that conclusion in order to dismiss Mr. Williams' lawsuit on qualified immunity grounds. Even if the Court *could* reach the conclusion that Defendants' conduct, as alleged by Mr. Williams, was constitutionally deficient, they "may nevertheless be shielded from liability for civil damages if their actions did not violate *clearly*

*established* statutory or constitutional rights of which a reasonable person would have known."

*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (emphasis added). Mr. Williams must identify existing

law which gave Defendants "fair notice that [their] conduct was unlawful." *Brosseau v. Haugen,*

543 U.S. 194, 198 (2004). Moreover, authorities from the Supreme Court and Tenth Circuit are

clear that courts have the discretion to address the "clearly-established" prong of the qualified

immunity analysis first, and resolve a case on the grounds that regardless of whether the conduct

in question constitutes the violation of a constitutional right, that right was not clearly-

established at the time of the purported violation, and qualified immunity applies.  *See Ashcroft*

*v. al-Kidd*, 563 U.S. 731, 735 (2011); *A.M. v. Holmes*, 830 F.3d 1123, 1135 (10th Cir. 2016).

    In that regard, there is no support from existing statutory or case law for the proposition

that in this case Defendants have violated Mr. Williams' clearly established rights to freely

exercise his religion. In fact, a court from this District has already evaluated virtually identical

factual allegations regarding prison officials' alleged violations of a Native American inmate's

religious rights[5] and found that the defendants did not violate a clearly established right. *See*

*Martinez v. Ortiz*, No. 03-CV-00138-WYF-BNB, 2006 WL 2165022, at *2, *8 (D. Colo. 2006).

After reviewing relevant statutes and judicial opinions regarding the religious rights of offenders

practicing their Native American religion, the district court held as follows:

> Although these authorities broadly mandate the protection of an inmate's right
> to free exercise of religion, they do not address the specific violations alleged
> by the plaintiff concerning the number of participants and the nature of the

---

[5] The plaintiff in that case specifically alleged that his right to freely exercise his Native
American religion was impermissibly burdened by "Defendants' actions requiring that
Sweatlodge and Pipe Ceremonies must have a minimum of five participants; placing limitations
on the plaintiff's contact with spiritual advisors; permitting inexperienced staff to monitor
Sweatlodge and Pipe Ceremonies; not allowing an area for smudging and prayer during
weekdays; not allowing food offerings; permitting inspection of medicine bags; prohibiting the
purchase of herbs; and requiring strip searches after every Sweatlodge Ceremony." *Martinez*,
2006 WL 2165022, at *1.

supervision of Sweatlodge and Pipe Ceremonies; access to spiritual advisors; smudging and weekday prayer; food offerings; inspection of medicine bags; purchasing herbs; strip searches after Sweatlodge Ceremonies; and the like. Therefore, the authorities cited by the plaintiff do not demonstrate that the rights alleged here were clearly established at the time of the defendants' conduct.

*Id.* at *8.

Mr. Williams has not alleged that Defendants violated his clearly-established rights, and therefore his claims against them in their individual capacities should be dismissed pursuant to the doctrine of qualified immunity.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that all claims in Plaintiff's Amended Prisoner Complaint except for the First and Fourteenth official capacity claims seeking solely prospective injunctive relief be dismissed.

Respectfully submitted July 15, 2019.

PHILIP J. WEISER
Attorney General

*s/ Cole J. Woodward*
JOSHUA G. URQUHART*
Assistant Attorney General
COLE J. WOODWARD*
Assistant Attorney General
Civil Litigation & Employment Section
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6647
FAX: (720) 508-6032
Email: cole.woodward@coag.gov
*Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within Defendants' Rule 12(B)(5)(6) Partial Motion To Dismiss Plaintiff's Complaint upon all parties herein by e-filing with the CM/ECF system maintained by the court and by depositing same in the United States mail, postage prepaid, at Denver, Colorado, this 15th day of July, 2019, addressed as follows:

Charles Williams (DOC #82344)                    *Courtesy Copy e-mailed to:*
Buena Vista Correctional Facility                Adrienne Jacobson, CDOC
P.O. Box 2017
Buena Vista, CO 81211
*Plaintiff Pro Se*

*s/Jim L. Mules*