FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
AUG 21 2019
JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 19-CV-00371-RBJ-MEH

CHARLES L. WILLIAMS, pro se,
PLAINTIFF

V.

DEBORAH BORREGO, ET AL
DEFENDANTS

## PLAINTIFFS RESPONSE TO DEFENDANTS RULE 12(B)(6) MOTION TO DISMISS

PLAINTIFF, CHARLES L. WILLIAMS IS A PRISONER AT BUENA VISTA CORRECTIONAL FACILITY. IN A §1983 ACTION BASED ON VIOLATIONS OF PLAINTIFF'S FIRST, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS, VIOLATIONS OF RLUIPA, AND THE EQUAL PROTECTION CLAUSE, SEEKS DAMAGES, COMPENSATORY, DECLARATORY, AND INJUNCTIVE RELIEF.

### DECLARATION IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

1. THE ELEVENTH AMENDMENT DOES NOT FORBID SUING STATE OFFICIALS FOR DAMAGES IN THEIR INDIVIDUAL CAPACITIES AND FOR DECLARATORY OR INJUNCTIVE IN THEIR OFFICIAL CAPACITIES.

2. TO GET DAMAGES FROM STATE OFFICIALS, YOU MUST NAME THE DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES. CORNFORTH V. UNIV. OF OKLA. Bd. OF REGENTS, 263 F.3d 1129, 1132-33 (10TH CIR. 2001)

1.

3. According to the defendants motion, as well as my prisoner complaint, I name all defendants in their individual and official capacities.

4. By suing them in their official capacities I am seeking injunctive relief. Kentucky v. Graham, 473 US. at 167 n.14 S. Ct 3099 (1985)

5. In my 8th Amendment claim I state the denial/delay of medical treatment was an on-going, 'continuing wrong'. See Heard v. Sheahan, 253 F.3d 316, 320 (7th Cir. 2001) (adopting continuing wrong rule for §1983 suits) Accord, Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009) (following Heard v. Sheahan); Hensley v. City of Columbus, 557 F.3d 693, 697 (6th Cir. 2009) ("continuous violation" exists if "(1) the defendants engage in continuing wrongful conduct (2) injury to the plaintiff accrues continuously; and (3) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided") See Tiberi v. Cigna Corp., 89 F.3d 1423, 1430-31 (10th Cir. 1996) (applying New Mexico law and holding claim accrues and limitations period runs, from date of last injury or when "the wrong is over and done with").

6. The continuing violation doctrine "is a creation of federal law", Thomas v. Denny's Inc. 111 F.3d 1506, 1514 (10th Cir. 1997) under which "a plaintiff may avoid the statute of limitations when the defendant has acted pursuant to a pattern of longstanding policy or practice of constitutional violations," Mercer-Smith v. N.M. Children, Youth & Families Dept., 416 Fed. Appx. 704, 712 (10th Cir. 2011) (citing Robinson v. Maruffi, 895 F.2d

2.

6. (con't) 649, 655 (10th Cir. 1990) The "Doctrine permits a court to look backwards to the entirety of a continuing wrong, to assess it's cumulative effect, so long as an injurious act falls within the statute of limitations period." Burkley V. Corr. Healthcare Mgmt., 141 Fed. App'x 714, 716 (10th Cir 2005) The continuing violation doctrine is triggered by continual unlawful acts, not by continual ill effects from the original violation." Parkhurst V. Lampert, 264 Fed. App'x. 748, 749 (10th Cir. 2008) (Quoting Bergman V. United States, 751 F.2d 314, 317 (10th Cir. 1984)

7. I did not recieve treatment for my back and foot pain until August of 2017. See Prisoner Complaint Claim One, H.N. 19

8. The two year statute of limitations started when I first recieved treatment even my amended complaint was filed before that time, in April of 2019. Minus two years is April of 2017.

9. After Step III Grievance was denied I still did not recieve treatment for another 5 to 6 months. In applying Burkley V. Corr. Healthcare Mgmt this court is permitted to hear my claim that initially accrued outside the applicable statute of limitations, quoting "so long as an injurious act falls within the statute of limitation period." See Defendants motion to dismiss, Argument II Paragraph 5. (See Exhibit 2 'Response to Step III Grievance)

10. Defendants claim they are immunized from my first and fourteenth amendment claims by Qualified Immunity

3.

11. THE FIRST AMENDMENT, RLUIPA, THE FOURTEENTH AMENDMENT, AND EQUAL PROTECTION CLAUSE ARE WELL ESTABLISHED LAW.

12. RLUIPA PROVIDES AS FOLLOWS: "NO GOV. SHALL IMPOSE A SUB-STANTIAL BURDEN ON THE RELIGIOUS EXERCISE OF A PERSON RESIDING IN OR CONFINED TO AN INSTITUTION... UNLESS THE GOVERNMENT DEMONSTRATES THAT IMPOSITION OF THE BURDEN ON THAT PERSON —
    1) IS IN THE FURTHERANCE OF A COMPELLING GOVERMENTAL INTEREST; AND
    2) IS THE LEAST RESTRICTIVE MEANS OF FURTHERING THAT COMPELLING GOV. INTEREST.

13. IN MY PRISONER COMPLAINT (CLAIM TWO H.N. 5-8) I EXPLAIN THAT STRIP SEARCHES, IN GENERAL, SERVE AN INTEREST IN SAFETY AND SECURITY. BUT, TO NOT CONDUCT THESE STRIP SEARCH-ES IN AN "EVEN-HANDED MANNER" VIOLATES THE EQUAL PRO-TECTION CLAUSE. WHICH IS CLEARLY ESTABLISHED. McKINNEY V. MAYNARD, 952 F.2d 350, 352-53 (10TH CIR. 1991) (ALLEGATION OF DENIAL OF NATIVE AMERICAN RELIGIOUS RIGHTS WAS NOT FRIVOLOUS, SINCE THE PLAINTIFF ALLEGED THAT OTHER RELIGIONS WERE TREATED DIFFERENTLY)

14. IN VOLZ'S RESPONSE TO MY STEP I GRIEVANCE FOR 'SUB-STANTIAL BURDEN' (EXHIBIT 3 OF DEFENDANTS MOTION FOR SUMMARY JUDGEMENT) SHE STATES "6) WILL RECOMMEND STRIP SEARCH PROTOCOL IS APPLIED EVENLY." REBECCA VOLZ IS THE REGIONAL VOLUNTEER COORDINATOR AND OVERSEES ALL RELIGIOUS FUNCTIONS IN BVCF. SHE ADMITS BY THIS STATEMENT THAT THE STRIP SEARCH IS NOT DONE IN A EVEN-HANDED MANNER. NO CHANGE IN THAT PROTOCOL HAS CHANGED AS OF THIS DAY.

15. Strip searches that are not related to legitimate security needs or are designed to harass may be found unconstitutional under the Fourth Amendment or the Eighth Amendment. Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995) (stating that if strip searches "are devoid of penological merit and imposed simply to inflict pain, the federal courts should intervene" and that they may not be used to retaliate against First Amendment protected activity).

16. The defendant's cannot show that the merits of my claims are in furtherance of a compelling governmental interest or the least restrictive means of furthering that interest.

17. My claims show a pattern of actions and that these practices of the defendant's show a discriminatory and retaliatory 'mindframe' towards myself and the Native American Religious Group.

18. "For a constitutional right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Wilson v. Motano. 715 F.3d 847, 852 (10th Cir. 2013)

The defendants have not proven that qualified immunity applies in this instance. The rights I have asserted are clearly established at the time. And the "continuing violation doctrine" applies because unlawful acts occured within the 2yr. statute of limitations period

5.

CONCLUSION

For these reasons stated above I respectfully request this court deny defendants motion Rule 12(B)(6) Partial Motion to Dismiss.

Respectfully submitted this 18th day of August 2019

Sincerely

C.L. Williams

Charles L. Williams
Doc # 82344
BVCF / P.O. Box 2017
Buena Vista, Colorado 81211-2017

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have mailed 1 copy of both motions to

Office of the Attorney General
ATTN: Cole J. Woodward
    Joshua G. Urquhart
    1300 Broadway, 10th Floor
    Denver, Colorado
        80203

Charles Williams
DOC #123456
Bldg 17, P.O. Box 2017
Buena Vista CO 81211-2017
Buena Vista Correctional Complex
Buena Vista, CO 81211

Restricted Inspection Mail

Clerk of the Court
United States District Court
901 19th St.
Denver, Colorado
80294



neopost
08/20/2019
US POSTAGE $01.45⁰
FIRST-CLASS MAIL
ZIP 81211
041L11230983

